IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **LUEVENIA PAYNE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 13-2948-STA/tmp |
| | ) |
| **LUCITE INTERNATIONAL,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court by order of reference is Defendant Lucite International's ("Lucite") Motion to Dismiss, filed January 8, 2014.[1] (ECF No. 10.) Plaintiff Luevenia Payne filed a response in opposition to the motion on January 22, 2014, and Lucite filed a reply to Payne's response on February 7, 2014. For the following reasons, the court recommends that the motion be granted in part and denied in part.

### I. PROPOSED FINDINGS OF FACT

Luevenia Payne has been employed by Lucite since 1987. She worked as a material handler until being promoted to production assistant in January 2010. Payne filed a charge of discrimination against Lucite with the Equal Employment

---

[1] Pursuant to Administrative Order No. 2013-05, all cases filed by *pro se* non-prisoner plaintiffs have been referred to the assigned magistrate judge for management of all pretrial matters.

Opportunity Commission ("EEOC") on January 14, 2011. (ECF No. 1-1.) According to Payne's EEOC charge, Payne was denied a promotion to assistant operator in December 2009 because she failed a "work keys test." Payne alleges that subsequently two employees who also failed the work keys test were promoted to assistant operator: Jessie Fernandez in February 2010 and Misty Gantt in September 2010. Payne also claims in her charge of discrimination that when she replaced Bob Middleton (a white male) as production assistant, she made less money than Middleton and was forced to do work assignments that he did not have to do.

On September 19, 2013, the EEOC dismissed Payne's charge of discrimination and issued a Notice of Right to Sue. (ECF No. 1-1, at 3.) On December 5, 2013, Payne filed a complaint in this court. The complaint alleges claims of discrimination in violation of Title VII of the Civil Rights Act of 1964 that occurred on January 1, 2008, and again on November 15, 2010. Specifically, Payne alleges that Jessie Fernandez was promoted after failing the work keys test; that an assistant operator position was open in 2009 and that the job was given to a white male; that Middleton worked the same job as Payne and made $40,000 more than she did annually; and that Lucite asked Payne to perform duties that exceeded the scope of her job and that

were not comparable to the duties of the white male (Middleton) whom she replaced. Payne attached to the complaint her original EEOC charge and the right to sue letter from the EEOC.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is

hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes

into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. Title VII**

"Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 561 (6th Cir. 2004); 42 U.S.C. § 2000e-2(a)(1). "In order to establish a Title VII employment discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment." Hick v. SSP Am., Inc., 490 F. App'x 781, 783 (6th Cir. 2012); Imwalle v. Reliance Med. Prods., 515 F.3d 531, 543-44 (6th Cir. 2008). Title VII plaintiffs need not establish all elements of a *prima facie* case of discrimination to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-514 (2002). Title VII complaints must only satisfy the simple requirements of Rule 8 notice pleading. Id.; see also Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) ("[S]o long as a

complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of [the federal rules].").

**C. Title VII Claims Subject to Dismissal**

A Title VII plaintiff must file a charge with the EEOC within 300 days from "the date on which the alleged discriminatory act . . . was communicated to the plaintiff." Amini v. Oberlin Coll., 259 F.3d 493, 498 (6th Cir. 2001). Timely filing a charge with the EEOC is mandatory. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Failure to timely file a charge of discrimination with the EEOC is an appropriate basis for dismissal of a claim brought under Title VII. Hoover v. Timken Co., 30 F. App'x 511, 513 (6th Cir. 2002).

Payne filed her discrimination claim with the EEOC on January 14, 2011. Any alleged discriminatory conduct must have occurred within 300 days of that date to be actionable. Therefore, any alleged discriminatory conduct that occurred before March 20, 2010, is time-barred and subject to dismissal. This includes Payne's allegations that she was denied a promotion to assistant operator in 2009 and that Jessie Fernandez was promoted in February 2010.

The Supreme Court has held, however, that the 300-day period of limitations for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Roberston v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000)). The doctrine of equitable tolling "is used sparingly by federal courts" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." Id. at 784.

The Sixth Circuit has adopted a test for analyzing equitable tolling claims. The factors to be considered are "'(1) lack of actual notice of filing requirement; (2) lack of constructive notice of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005) (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every

court must consider an equitable tolling claim on a case-by-case basis.'" Id. (quoting King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004)). Where a plaintiff fails to allege facts sufficient to demonstrate that equitable tolling relief is warranted, a court may dismiss an untimely claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Amini, 259 F.3d at 501 (affirming district court's dismissal of untimely discrimination claims under Rule 12(b)(6) because "[b]ased on the facts alleged in the complaint, we simply cannot state that Amini acted with the requisite diligence in his attempts to ascertain this information which ultimately led him to file a discrimination charge"); A've v. Mich. Dep't of Corr., 12 F. App'x 293, 295 (6th Cir. 2001) (affirming district court's dismissal of an untimely discrimination claim under Rule 12(b)(6) because "A've has not alleged any facts that would justify equitable tolling, and none is apparent from the record").

Here, Payne has alleged no facts to justify equitable tolling of the 300-day limitations period. Payne argues in her response that Fernandez continued to be paid in April 2010 as an assistant operator, and that superintendent Nichole Bradford apparently confirmed this fact on November 15, 2010. However, the fact that Fernandez continued to be paid for a position that Payne was denied does not invoke the continuing violation

doctrine or otherwise toll the limitations period. Payne also apparently argues that Fernandez failed the work keys test in April 2010, and thus she did not realize that her denial of the promotion was discriminatory until April 2010. Payne has not alleged that she lacked actual or constructive notice of the filing requirement, her diligence in pursuing her rights, the absence of prejudice to Lucite, and her reasonableness in remaining ignorant of the notice requirement. Although Payne claims that she did not have reason to know about the discrimination until she learned in April 2010 that Fernandez failed the work keys test, she does not allege that she attempted to investigate the "true" reason for the denial of her promotion or that Lucite interfered with his efforts to investigate. See Sanders v. Williams Equip. & Supply Co., Inc., No. 09-02281-A/P, 2010 WL 5575483, at *5 (W.D. Tenn. Dec. 29, 2010), *report and recommendation adopted*, 2010 WL 711130 (W.D. Tenn. Feb. 24, 2010). Moreover, the court finds that equitable tolling should not apply because Payne had ample time after discovering that Fernandez failed the work keys test in which to file her EEOC charge.

With regard to Payne's color discrimination claim, a Title VII plaintiff cannot assert claims in a lawsuit that were not properly alleged in a charge filed with the EEOC. 42 U.S.C. §

2000e-5(f)(1). Failure to exhaust administrative remedies is an appropriate basis for dismissal of a Title VII claim. Hoover, 30 F. App'x at 513; Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 (1990); Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir. 1998). Payne marked only race, sex, and equal pay discrimination as the alleged discriminatory conduct and did not make any claim of color discrimination in her EEOC charge. Therefore, any of Payne's present claims of color discrimination must also be dismissed, as Payne has failed to exhaust her administrative remedies with respect to claims of color discrimination. See Cooper v. Jackson-Madison Cnty. Gen. Hosp. Dist., 742 F. Supp. 2d 941, 950-51 (W.D. Tenn. 2010) (dismissing color discrimination claims for failure to exhaust administrative remedies because plaintiff only checked the box for "race discrimination" on his EEOC charge, and color and race discrimination are different causes of action).

Lastly, the court notes that the EEOC charge alleges that "[a]lso Misty Gantt was promoted to Assistant Operator in September 2010 after she had failed the Work Keys Test." The complaint filed with the court makes no mention of Misty Gantt or Payne being denied a promotion in September 2010. Although Lucite does not seek dismissal of this claim specifically in its motion to dismiss, Lucite does seek to dismiss Payne's complaint

in its entirety. The claim based on Gantt's alleged promotion does not satisfy the Twombly and Iqbal standard and cannot survive a Rule 12(b)(6) motion to dismiss. The complaint contains no allegations regarding Gantt's race, nor has Payne alleged that she applied for a promotion, was qualified for a promotion, or was considered for a promotion. As a result, the complaint fails to state a claim for failure to promote based on Gantt's promotion. Therefore, that claim should be dismissed. See Russell v. Tenn. Dep't of Corr., 99 F. App'x 575, 577 (6th Cir. 2004).

**C. Title VII Claim That Survives Motion to Dismiss**

Payne's final Title VII claim is that she was paid $40,000 less annually than the white male, Bob Middleton, whom she replaced as production assistant. A plaintiff pursuing a claim of disparate pay for equal work under Title VII must ordinarily show that the employer paid different wages to employees of opposite sexes for substantially equal work. Conti v. Universal Enters., Inc., 50 F. App'x 690, 698 (6th Cir. 2002) (citing Henry v. Lennox Indus., Inc., 768 F.2d 746, 752 (6th Cir. 1985)). Here, Payne has sufficiently alleged facts to state a claim for disparate pay and survive a Rule 12(b)(6) motion to

dismiss.[2]  See Stemple v. City of Dover, 958 F. Supp. 335, 339 (N.D. Ohio 1997) (denying motion to dismiss for failure to state a claim when Title VII plaintiff alleged that she "believed" she was paid less than white male employees performing similar functions because of her sex).  As a result, Payne's disparate pay claim should not be dismissed.

### III. RECOMMENDATION

For the above reasons, it is recommended that Lucite's motion be granted in part and denied in part.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 20, 2014
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[2] Although Payne replaced Middleton in January 2010, a date which is outside the permissible scope of actionable discrimination, each discriminatory paycheck that Payne receives is a new cause of action under the Lily Ledbetter Fair Pay Act of 2009.  See Dixon v. Univ. of Toledo, 638 F. Supp. 2d 847, 851 (N.D. Ohio 2009) (explaining that the Fair Pay Act is not a proper cause of action, but that its protections are automatically incorporated into a Title VII cause of action).