IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| LUEVENIA PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-2948-STA-tmp |
| ) | |
| LUCITE INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT & RECOMMENDATION ON MOTION TO DISMISS**

Before the Court is Plaintiff Luevenia Payne's ("Plaintiff") Objections to the Magistrate Judge's Report and Recommendation on Defendant Lucite International's ("Defendant") Motion to Dismiss (D.E. #18 ). On May 20, 2014, Magistrate Judge Pham issued a Report and Recommendation that Defendant's Motion to Dismiss be granted in part and denied in part (D.E. # 16). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**BACKGROUND**

On December 5, 2013, Plaintiff filed a *pro se* Complaint (D.E. # 1), alleging that Defendant failed to promote her because of her race, color, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Additionally, Plaintiff alleged a claim of disparate pay for equal work in violation of Title VII. On January 8, 2014, Defendant filed a Motion to Dismiss (D.E. # 10). On January

1

22, 2014, Plaintiff filed a Response in opposition to the Motion (D.E. # 11) and on February 14, 2014, Defendant filed a Reply. Plaintiff then filed a document, which the Magistrate Judge construed as a Sur-Reply and which he did not consider in ruling on Defendant's Motion to Dismiss, because Plaintiff did not have leave of the Court to file a Sur-Reply.

On May 20, 2014, the Magistrate Judge issued his Report and Recommendation, recommending that the Court grant Defendant's Motion to Dismiss as to Plaintiff's claims for failure to promote and deny Defendant's Motion as to Plaintiff's claim for disparate pay for equal work. On May 27, 2014, Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation. On June 10, 2014, Defendant filed its Response to Plaintiff's Objections (D.E. # 22).

## STANDARD OF REVIEW

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court,"[1] of various matters. A party objecting to any portions of the magistrate judge's report and recommendations may file specific, written objections within fourteen days after the court serves him with the report and recommendations.[2] A district court reviews any portions of a Magistrate Judge's report and recommendations to which a party timely objects *de novo*.[3] However,

---

[1] 28 U.S.C. § 636(b)(1)(B).

[2] Fed. R. Civ. P. 72(b)(2); L.R. 72.1(g)(2).

[3] 28 U.S.C. §636(b)(1)(C); L.R. 72.1(g)(2).

a party objecting to the magistrate judge's report and recommendations must identify specific concerns, as a court will consider a general objection a failure to object at all.[4]

## ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the following grounds. First, she argues that the Magistrate Judge improperly determined that equitable tolling should not apply to her claim for failure to promote in 2009. Second, she appears to object to the Magistrate Judge's determination that Plaintiff has failed to state a claim based on Misty Gantt's ("Gantt") alleged promotion.[5] Finally, Plaintiff objects to the Magistrate Judge's determination that Plaintiff's claim based on color discrimination should be dismissed, because Plaintiff failed to exhaust her administrative remedies. The Court will address each objection below.

### Equitable Tolling on 2009 Failure to Promote Claim

The Magistrate Judge concluded that because Plaintiff filed her claim with the EEOC on January 14, 2011, any alleged discriminatory conduct occurring before March 20, 2010—or 300 days before the date she filed her claim—is time-barred. He further concluded that although the 300-day period of limitations for filing a charge with the EEOC is subject to equitable tolling, equitable tolling is not appropriate in this case, because Plaintiff did nothing to determine the "true reason" she was not promoted and because Plaintiff had ample time after she discovered that the denial was discriminatory to file a claim with the EEOC.

---

[4] *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

[5] As discussed below, the Court finds that Plaintiff's statement regarding this claim is not actually an objection.

Plaintiff objects to this on the grounds that she believed she was within the 300-day period to file her charge of discrimination with the EEOC. Additionally, Plaintiff states that the EEOC never informed Plaintiff that her case was time-barred. The Magistrate Judge correctly stated that in determining whether to apply equitable tolling to time-barred employment discrimination claims, the court should consider "'1) the [plaintiff's] lack of notice of the filing requirement; 2) the [plaintiff's] lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.'"[6] Plaintiff does not argue that the Magistrate Judge misapplied any of these factors. Nor does she provide any legal authority to support her argument that her claims should be equitably tolled. Merely stating that she believed she was within the time limitations is insufficient to apply equitable tolling. Further, that the EEOC did not inform Plaintiff that her claim was time-barred, does not explain why the events that occurred *before* she filed her charge of discrimination should excuse her from the limitations period. Therefore, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation that Plaintiff's claims for failure to promote arising out of conduct occurring before March 20, 2010 are time-barred and should be dismissed.

**Failure to State a Claim for Discrimination Based on Gantt's Promotion**

The Magistrate Judge recommended that the Court dismiss Plaintiff's claim for discrimination based on Gantt's promotion. The Magistrate Judge noted that although

---

[6] *Burus v. Wellpoint Cos.*, 434 F. App'x 475, 480 (6th Cir. 2011) (quoting *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187-88 (6th Cir. 2008)).

Plaintiff's EEOC charge alleges that Gantt was promoted after she failed the same test Plaintiff failed, Plaintiff's Complaint contains no allegations regarding Gantt or Plaintiff being denied a promotion at the time Gantt was promoted. Plaintiff states that she did not file a claim based on Gantt's promotion, because she could not prove this claim.[7] It appears that Plaintiff is explaining why she did not include this claim in her Complaint, rather than objecting to the Magistrate Judge's finding. To the extent that Plaintiff is objecting, she has not made any specific objections. A general objection to a Report and Recommendation is insufficient and has the same effect as a failure to object.[8] When a party fails to object to a magistrate judge's report, she waives her right to appeal.[9] Therefore, the Court adopts the Magistrate Judge's recommendation that this claim be dismissed for failure to state a claim.

**Failure to Exhaust Administrative Remedies on Color Discrimination Claim**

The Magistrate Judge recommended that Plaintiff's claim for color discrimination be dismissed, because she failed to exhaust her administrative remedies when she didn't make a claim of color discrimination in her EEOC charge. Plaintiff does not appear to dispute that she did not make a claim of color discrimination in her EEOC Charge. Rather, she objects to the Magistrate Judge's recommendation on the basis that she "did not check color because [the] form EEOC charge of discrimination defines color (typically a difference in skin shade within the same race), with that definition all

---

[7] (Pl.'s Objections to the Magistrate Judge's Report & Recommendation at 2, D.E. # 18.)

[8] *McCready*, 113 F. App'x at 49 (citing *Howard*, 932 F.2d at 509).

[9] *Howard*, 932 F.2d at 508 ("a party waives his or her right to appeal by failing to file objections to a magistrate's report and recommendation.").

5

administrative remedies was exhausted when filing Title V11 [sic]."[10] Plaintiff goes on to state, "[t]he particulars of the case reads, I believe that I have been discriminated against because of my sex, (female) and that Blacks and I as a class have been discriminated against because of our race, (Black) violation of Title V11 [sic]."[11]

The Magistrate Judge was correct that "color discrimination is distinct from race discrimination in that the former arises when the particular hue of the plaintiff's skin is the cause of the discrimination."[12] Plaintiff appears to agree with this statement of the law. Therefore, it is unclear what specifically Plaintiff objects to. Her general objections are insufficient.[13] Because a Title VII plaintiff cannot assert claims in a lawsuit that were not properly alleged in a charge filed with the EEOC,[14] the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim for color discrimination be dismissed.

## Disparate Pay Claim

The Magistrate Judge recommended that the Court deny Defendant's Motion to Dismiss as to Plaintiff's claim for disparate pay for equal work. Neither party has objected to the Magistrate Judge's recommendation as to this claim. Therefore, the Court adopts the recommendation.

---

[10] (*Id.*)

[11] (*Id.* at 2-3.)

[12] *Cooper v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 742 F. Supp. 2d 941, 951 (W.D. Tenn. 2010) (internal quotations omitted).

[13] *McCready*, 113 F. App'x at 49 (citing *Howard*, 932 F.2d at 509).

[14] 42 U.S.C. § 2000e-5(f)(1).

## CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, the parties' briefs, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims for failure to promote and color discrimination and is **DENIED** as to Plaintiff's claim for disparate pay.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 23, 2014.